IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAILA SARCEDO, | ) | Civil No. 21-00237 LEK-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | DEFAULT JUDGMENT |
| NICOLE CUMMINGS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On April 29, 2022, Plaintiff Waila Sarcedo ("Plaintiff") filed a document that this Court construed as Plaintiff's "First Amended Complaint." *See* ECF Nos. 63, 67. The First Amended Complaint asserts claims against Defendants Raquel Taguchi, Erin Asato, Raymond Nishimiya, and Elladine Olaveo (collectively, "Defendants"). That same day, Plaintiff filed a Motion for Default Judgment, which seeks default judgment against the Defendants. ECF No. 64.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons set forth below, the Court FINDS AND RECOMMENDS that the district court DENY the Motion for Default Judgment.

DISCUSSION

Federal Rule of Civil Procedure 55 governs the process for entry of default and default judgment:

> (a) **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) **Entering a Default Judgment.**
>
>   (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
>   (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. . . .

Fed. R. Civ. P. 55(a)–(b). The Ninth Circuit Court of Appeals has explained Rule 55 as requiring a "two-step process" consisting of: (1) seeking the clerk's entry of default; and (2) filing a motion for entry of default judgment. *See Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting the "two-step process of 'Entering a Default' and 'Entering a Default Judgment'"); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55.").

Plaintiff filed the Motion for Default on the same day that she filed the First Amended Complaint. Plaintiff has not sought entry of default against Defendants, and the Clerk of Court has not entered default against Defendants. Nor has Plaintiff served Defendants with the First Amended Complaint. In fact, there is nothing in the record to indicate that Plaintiff has completed and returned the forms necessary for the United States Marshals Service to complete service of the First Amended Complaint. The Court thus recommends that the district court deny the Motion for Default Judgment.

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY the Motion for Default Judgment (ECF No. 64).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 10, 2022.



Kenneth J. Mansfield
Unites States Magistrate Judge

*Sarcedo v. Cummings, et al.*, Civil No. 21-00237 LEK-KJM; Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment