IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAILA SARCEDO, | Civil No. 21-00237 LEK-KJM |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF WAILA SARCEDO'S CLAIMS AGAINST DEFENDANTS FOR FAILURE TO PROSECUTE |
| vs. | |
| NICOLE CUMMINGS, *et al.*, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DISMISS
WITHOUT PRJEUDICE PLAINTIFF WAILA SARCEDO'S
CLAIMS AGAINST DEFENDANTS FOR FAILURE TO PROSECUTE

On May 18, 2021, Plaintiff Waila Sarcedo ("Plaintiff") filed a Complaint and Request for Injunction ("Complaint") against numerous defendants. ECF No. 1. On August 23, 2021, the district court issued an order granting Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs ("Order Granting IFP"). ECF No. 10. The Order Granting IFP directed the Clerk's Office to issue the summons and provide Plaintiff with all forms necessary for the United States Marshals Service ("Marshals Service") to attempt service of the Complaint. *Id*. The Order Granting IFP warned Plaintiff that the Marshals Service would not attempt service unless Plaintiff completed all of the necessary paperwork. *Id*. Thereafter, Plaintiff filed numerous Proofs of Service claiming that she served the defendants by mail and/or email. *See, e.g.*, ECF Nos. 23–32.

Federal Rule of Civil Procedure ("FRCP") 4 permits, but does not obligate, a defendant to waive personal service and accept service by mail. Fed. R. Civ. P. 4(d). No defendant had waived personal service, rendering Plaintiff's attempted service by mail and/or email ineffective. Plaintiff must instead have each defendant personally served with the Complaint and summons. *Id*. The Court held a status conference with Plaintiff on September 17, 2021, at which it explained this to her, along with her obligation to return the completed forms to the Marshals Service. ECF No. 36.

Shortly thereafter, on September 23, 2021, the district court again informed Plaintiff that it could not begin to address the merits of her claims until she serves each defendant: "the Court will reserve ruling on the [Ex Parte Application for Order ("Application")] until service of the complaint, summons, and all documents related to the Application has been made on the defendants in this action." *See* ECF No. 37.

This Court attempted to hold a status conference regarding service on October 15, 2021, but Plaintiff did not appear. ECF No. 38. On October 29, 2021, the Court held a status conference at which Plaintiff did appear, and it again reminded her of the requirement that she complete the forms for the Marshals Service. ECF No. 39. The Court explained to Plaintiff that the forms she filled out and sent to the Marshals Service were incomplete. The Marshals Service sent a return letter to Plaintiff stating that it needed (1) a completed Notice of Lawsuit

(AO 398) with the entire form completed except for the date, and (2) two completed Waiver of Service of Summons (AO 399) forms, with copies for each defendant being served. After this status conference, Plaintiff emailed the Court, disputing the Marshals Service account, accusing the Marshals Service of being dishonest, and stating that she did "not have the mental capacity to do it all over again." ECF No. 40.

  The district court then referred Plaintiff's case to the Civil Pro Bono Panel, seeking to obtain a pro bono attorney to represent Plaintiff. ECF No. 45. The district court was unable to obtain pro bono counsel, and it so advised Plaintiff on March 30, 2022. ECF No. 49. On March 31, 2022, the district court ordered Plaintiff to appear before this Court and explain why, despite the passage of over ten months since filing her Complaint, Plaintiff had not served the Complaint and summons on the defendants. ECF No. 51. Plaintiff failed to appear at the April 6, 2022 telephonic status conference, ECF No. 52, so the Court continued it to April 27, 2022. ECF No. 52.

  Plaintiff appeared telephonically on April 27, 2022. At that status conference, Plaintiff stated that by Friday, April 29, 2022, she would file an amended complaint naming only Raquel Taguchi, Erin Asato, Raymond Nishimiya, and Elledine Olavao as defendants. ECF No. 62. Plaintiff then filed a First Amended Complaint naming these defendants on April 29, 2022. ECF No. 63.

On May 9, 2022, the Clerk sent Plaintiff a new set of documents for her to complete so that the Marshals Service could serve the First Amended Complaint. ECF Nos. 68–70.  The Court held another status conference on May 31, 2022, to again discuss the requirement that Plaintiff return the completed forms to the Marshals Service.  ECF No. 73.  Plaintiff appeared telephonically, and she acknowledged receipt of the Marshals Service forms and related documents.  *Id*. Plaintiff informed the Court that she would not complete these forms for service because she believes she has already served the defendants.  *Id*.

On June 2, 2022, the Court issued an Order to Show Cause, ordering Plaintiff to explain in writing by June 21, 2022, why her claims against the defendants should not be dismissed for lack of service ("06/02/2022 OSC").  ECF No. 74.  The Court further warned Plaintiff that failure to respond to the 06/02/2022 OSC or serve the defendants by June 21, 2022, may result in this Court finding and recommending that the claims against the defendants be dismissed without prejudice.  *Id*. at 6.

On June 21, 2022, Plaintiff filed a "Response to Show Cause."  ECF No. 75. Plaintiff asserts that she has "been treated unfairly in state court and my rights have been violated in all levels of government" and "prays this court does not dismiss the case."  *Id*. at 2, 8.  Plaintiff also asserts numerous "proofs of claim" that reference various federal statutes and case law.  Plaintiff, however, does not

address her failure to serve the defendants, nor does the record reflect service of process on any defendant.

## DISCUSSION

Plaintiff must serve a proper summons and complaint on the defendants for the Court to have jurisdiction over the defendants. *See* Fed. R. Civ. P. 4; *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citations omitted) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."). Notwithstanding that the Court discussed with Plaintiff her service obligations at several status conferences and issued an order to show cause as to why this action should not be dismissed for lack of service, Plaintiff has still not established that she properly served the defendants. Nor has Plaintiff provided to the Court any reason for her failure to do so.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")). The Court must weigh five factors to determine whether to dismiss this case for lack of prosecution or failure to comply

with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). For the reasons below, the Court finds that dismissal of the First Amended Complaint is appropriate given Plaintiff's failure to prosecute because she failed to follow court orders to properly serve the defendants.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since May 2021, and Plaintiff has failed to perfect service on any of the defendants. Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute this action, or even appear for status conferences, has interfered with the Court's ability to manage its docket. To date, Plaintiff fails to provide sufficient reasoning as to why she is unable to properly serve any of the defendants. Plaintiff also fails to provide a satisfactory reason for refusing to return the completed service forms to the Marshals Service.

Third, the risk of prejudice to the defendants weighs heavily in favor of dismissal. The defendants will suffer prejudice if this case continues without Plaintiff effecting service. Plaintiff's inaction has impaired the defendants' ability

6

to proceed to trial and threatens to interfere with the resolution of this case. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate. The Court has made multiple attempts to assist Plaintiff in effecting service and issued the 06/02/2022 OSC warning Plaintiff that failure to respond would result in a recommendation that the district court dismiss the First Amended Complaint. ECF No. 74. The Court thus finds that it would be futile to recommend a lesser sanction because Plaintiff has demonstrated that such action would not compel her to take the necessary steps to prosecute this action.

Fifth, the Court acknowledges that public policy favors disposition of cases on their merits. Thus, this final factor weighs against dismissal. This Court finds, however, that because four of the factors weigh in favor of dismissal, this factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute this case, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom. Lagmay v. Nobriga*, 671 F. App'x 1001 (9th Cir. 2016) (concluding that

dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, although the Court finds that dismissal is appropriate, this Court recommends that the district court's dismissal of the First Amended Complaint be without prejudice.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's First Amended Complaint for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 5, 2022.

Kenneth J. Mansfield
United States Magistrate Judge

*Sarcedo v. Cummings, et al.*, Civil No. 21-00237 LEK-KJM; Findings and Recommendation to Dismiss Without Prejudice Plaintiff Waila Sarcedo's Claims Against Defendants for Failure to Prosecute